IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW MCNEE,<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:12-CR-00004-DB |

Before the court is Defendant Matthew McNee's ("McNee") Motion for the Return of Property. (Dkt. No 38.)

**BACKGROUND**

On December 20, 2011, Salt Lake PD Officer Cory Olson stopped McNee for committing several traffic violations. (Dkt. No. 38-4 at 3.) During an inventory search of the vehicle Mr. McNee was driving, Officer Olson discovered $6,000. (Id. at 5-6.) Officer Olson also seized $3,463 from McNee's person, for a total cash seizure of $9,463. (Id. at 3.) Guns, cell phones, and cameras were also seized from McNee during the stop. (Id. at 2-3.)

On January 4, 2012, based on what was learned from the stop, the government filed a three count indictment against McNee, charging him with Possession of Methamphetamine with Intent to Distribute (Count 1 - 21 U.S.C. § 841(a)(1)), Possession of a Firearm in Furtherance of

a Drug Trafficking Crime (Count 2 - 18 U.S.C. § 924(c)(1)(A)), and Felon in Possession of a Firearm (Count 3 - 18 U.S.C. § 922(g)(1)). (Dkt. No. 11.)

The indictment also contained a "Notice of Intention to Seek Criminal Forfeiture," which notified the defendant of the government's intent to retain "[a]pproximately $9,463 in United States currency," a "Taurus PT-22 .22 cal. Handgun, SN ANE39086," and a "Hi-Point Model 09 9 mm handgun, SN Pl361445." (Dkt. No. 11.)

On November 21, 2012, McNee pleaded guilty to count two of the indictment. (Dkt. No. 29.) In his plea statement McNee agreed to forfeit the two firearms and the $9,463 as assets related to his offense of conviction. (Dkt. No. 30.)

On November 30, 2012, the court ordered McNee to "forfeit to the United States all property, real or personal, that is derived from, used, or intended to be used in violation of 18 U.S.C. § 924(c), including but not limited to the $9,463 and the guns. (Dkt. No. 35.)

**DISCUSSION**

McNee now contends for the return of the property under Rule G of the Federal Rules of Civil Procedure, or alternatively, under Rule 41(g) of the Federal Rules of Criminal Procedure.

McNee contends that Rule G of the Federal Rules of Civil Procedure requires that property of no evidentiary value or significance, and that has been retained without due cause or purpose for any official investigation or proceeding, must be returned. (Dkt. No. 38.) However, Rule G only applies in civil forfeiture proceedings. Fed. R. Civ. P. G. Therefore, since the property was seized by authorities pursuant to the aforementioned traffic stop and criminal investigation, and the government retained the property under criminal forfeiture statute 21

U.S.C. § 853, Rule G does not apply.

Additionally, because no criminal proceeding is pending, McNee's Rule 41(g) motion is construed as an independent, equitable civil action . United States v. Ortiz, Nos. 96-6138, 96-6155, 1977 WL 153780, at *1 (10th Cir. Apr. 3, 1997) (unpublished).[1]  To succeed in a post-conviction Rule 41(g) motion, a movant must show irreparable harm and an inadequate remedy at law. United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006). If a claimant had an opportunity to contest a forfeiture in a forfeiture proceeding, then a Rule 41(g) motion is inappropriate. Id.

In this case, the indictment notified  McNee about the forfeiture of the money and the two firearms. (Dkt. No. 11.) McNee had the opportunity to contest the forfeiture as part of his criminal case, but he waived this opportunity by agreeing to the forfeiture of the currency and guns in his plea agreement. (Dkt. No. 30.)

McNee also argues that the money seized from his person should be distinguished from that seized from the vehicle. (Dkt. No. 42.) Whether the police seized the money from his person or his vehicle is irrelevant because he chose to forfeit the entire amount of money as part of his plea agreement. (Dkt. No. 30.) McNee cannot now use a Rule 41(g) motion in an effort to undo his agreement to the forfeiture or overcome the court's criminal forfeiture order that divested him of the funds. (Dkt. No. 35.) See United States v. Tinajero-Porras, No. 09-6235, 378 Fed. Appx. 850, 851-52 (10th Cir. May 19, 2010) (unpublished) (Rule 41(g) jurisdiction is inappropriate if a movant had an opportunity to challenge the forfeiture through judicial

---

[1] This case cites a Rule 41(e) that is a previous enumeration of Rule 41(g). See Clymore v. United States, 415 F. 3d 1113, 1114  n.1 (2005) ("What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes.").

procedures and failed to do so). Further, post-conviction, a defendant may only use a Rule 41(g) motion to seek the return of property that was not forfeited. United States v. Noyes, 2014 WL 407482, *2 (3rd Cir. 2014) (unpublished). Because McNee's property was forfeited in its entirety, his motion for the return of part of it was a challenge to the forfeiture order itself and should have been raised on direct appeal. Id..

Having determined that neither Rule G or Rule 41(g) applies, the court denies McNee's motion to return the forfeited funds.

McNee also requests the return of various cell phones and cameras. The Government has informed the court that the DEA has those items and is willing to return them to McNee. McNee must arrange for the return of those items from the DEA's office in Salt Lake City.

## CONCLUSION

For the foregoing reasons, McNee's Motion for Return of Property (Dkt. No. 38) is denied in part and granted in part. The court **DENIES** McNee's motion to return the $9,463 in forfeited funds**,** and **GRANTS** McNee's request for the return of various cell phones and cameras.

DATED this 29th day of August, 2014.

_____
Dee Benson
United States District Judge